IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRENT MICHAEL DUBOIS,<br>Petitioner, | §<br>§<br>§ |
| v. | §     Civil Action No. 4:11-CV-432-Y |
| | § |
| RICK THALER, Director,[1]<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Brent Michael Dubois, TDCJ # 0636604, is a state prisoner who was in custody of the Tarrant County Sheriff's Office in Fort Worth, Texas, at the time this petition was filed. The Texas Department of Criminal Justice (TDCJ), Offender Information Detail, indicates that petitioner

---

[1] Respondent Dee Anderson, Sheriff of Tarrant County, Texas, has moved to be dismissed as a party respondent because petitioner has been transferred to the custody of the Texas Department of Justice, Correctional Institutions Division (TDCJ). (docket #8) Because petitioner is no longer in the custody of the Tarrant County Sheriff's Office and is now in the custody of TDCJ, Rick Thaler, Director of TDCJ, is the proper respondent. Accordingly, the motion is GRANTED. The clerk of court is directed to docket and change the designation of the respondent accordingly.

has been transferred to the J. Middleton Unit of the Correctional Institutions Division, in Abilene, Texas. The clerk of court is directed to change petitioner's address of record to J. Middleton Unit, 13055 FM 3522, Abilene, Texas 79601.

Rick Thaler, Director of the Texas Department of Justice, Correctional Institutions Division, has been substituted as respondent. *See infra* n.1. FED. R. CIV. P. 25(d)(1).

## C. BACKGROUND

Petitioner is currently serving three 12-year sentences in TDCJ on his 2004 and 2005 drug-related convictions in cause nos. 0970612D, 0928647D, and 0928648D. (Resp't Ex. A at 2 & Ex. B) Petitioner was placed on supervised release on July 10, 2008, but while on release he was arrested on September 8, 2009, in Travis County, Texas, on new criminal charges. (Resp't Ex. A at 2) As a result of the new charges, a pre-revocation warrant was issued on September 10, 2009, and executed on the same date. (*Id.*) Petitioner was sentenced in Travis County on September 15, 2009, to 16 days in jail, and subsequently transferred to the Tarrant County jail on September 27, 2009, where he was held pending drug-related charges in this court in Case Number 4:10-CV-118-Y. (*Id.*) On November 23, 2010, petitioner pleaded guilty in this court to one count of possession of a controlled substance with intent to deliver, and, on April 18, 2011, was sentenced to a term of 188 months' imprisonment in the Federal Bureau of Prisons. (Pet. at 6) *United States v. Dubois*, PACER, CM/ECF, Criminal Docket for Case # 4:10-CR-118-Y-1. Petitioner was returned to the Tarrant County jail on April 27, 2011. (Pet. at 6) He filed this federal petition June 10, 2011. (*Id.* at 10) On July 8, 2011, petitioner was interviewed and provided the Rights of the Offender in the state revocation process. (*Id.*) On the same date, petitioner waived a revocation hearing. (*Id.* at 2-3) On July 19, 2011, the Texas Board of Pardons and Paroles (the Board) voted to revoke

petitioner's supervised release. (*Id.*)

In this petition, petitioner claims his right to due process was violated because he was not given a preliminary revocation hearing within a reasonable time. (Pet. at 6) Petitioner seeks to be returned to federal custody to serve his 188-month sentence and to continue the revocation process through the mail to prevent further delay. The state has filed a motion to dismiss the petition on exhaustion grounds under 28 U.S.C. § 2254(b) and (c).

D. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, or as in this instance, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC.

---

[2]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

ANN. art. 11.07 (Vernon Supp. 2010); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Ct. of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). An exception to the exhaustion requirement is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *See* 28 U.S.C. § 2254(b); *Duckworth v. Serano,* 454 U.S. 1, 3 (1981).

Petitioner has not notified this court of his change of address, responded to the state's motion to dismiss, or otherwise demonstrated an absence of opportunity to obtain redress in the state courts or an inadequate state corrective process. Because the state courts have not been afforded a fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted for purposes of federal habeas review. He must first pursue his state habeas corpus remedies, in addition to any applicable administrative remedies, before seeking relief under § 2254. Absent a showing that state remedies are unavailable or inadequate, petitioner cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[3]

---

[3] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

## II. RECOMMENDATION

It is therefore recommended that petitioner's petition for writ of habeas corpus be DISMISSED without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 14, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 14, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings,

5

conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __26__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE