IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRENT MICHAEL DUBOIS,<br>　　Petitioner,<br>VS.<br><br>RICK THALER, Director,<br>T.D.C.J., Correctional<br>Institutions Division,<br>　　Respondent. | §<br>§<br>§　CIVIL ACTION NO. 4:11-CV-432-Y<br>§<br>§<br>§<br>§<br>§ |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS and
ORDER DENYING CERTIFICATE OF APPEALABILITY

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2254 of petitioner Brent Michael Dubois, along with the September 26, 2011 findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until October 14 to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, the petition for writ of habeas corpus should be dismissed.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Brent Michael Dubois's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE, except as to any application of the federal statute of limitations or other

federal procedural bar that may apply.[1]

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Dubois has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the September 26, 2011,

---

[1] A one-year statute of limitations is now applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. *See* 28 U.S.C.A. § 2244(d)(1-4)(West 2006). The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West 2006).

[2] *See* Fed. R. App. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED November 8, 2011.

                                         TERRY R. MEANS
                                         UNITED STATES DISTRICT JUDGE

---

[6] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).